# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAVIER R. LOZOYA MENCHACA,<br><br>Defendant. | 8:16CR248<br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (§ 2255 Motion), ECF No. 462.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

## BACKGROUND

Defendant Javier R. Lozoya Menchaca pled guilty to Count I of the Second Superseding Indictment, charging a violation of Title 21 U.S.C. § 846. He had the benefit of an interpreter at all stages of the proceedings. He completed a plea agreement on February 25, 2018, ECF No. 318, in which he acknowledged that he had ample time to talk with his attorney; he was satisfied with his representation; he

understood his range of imprisonment to be not less than ten years and up to life; and no one had made any promise that caused him to plead guilty other than the promises made in the plea agreement.

At the time of the plea, on May 14, 2018, the Court accepted the written Plea Agreement, ECF No. 319, in which the Defendant acknowledged that his plea would subject him to penalties including a mandatory minimum of ten years' imprisonment, and up to life in prison. *Id.* at Page ID 812. In the Agreement, the Defendant also acknowledged that "[n]o promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties." *Id.* at Page ID #817. He waived his rights of appeal and collateral attack, with certain exceptions, including a claim of ineffective assistance of counsel. *Id.* at Page ID #819-20.

The Defendant was later determined to be eligible for the Safety Valve, USSG § 2D1.1(b)(17), and a sentence below the statutory mandatory minimum term. See Revised Presentence Investigation Report, ECF No. 401 at Page ID 1172. On August 6, 2018, he was sentenced to a term of 70 months incarceration—the low end of the Guideline range—and three years of supervised release.

The Defendant now contends his counsel was ineffective, because he failed to advise him of his right to appeal from his conviction and sentence, and because he led him to believe his term of incarceration would be no more than 48 months.

**DISCUSSION**

To establish ineffective assistance of counsel, the Defendant must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v.*

2

*Washington*, 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id*. at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id*. at 687. "To establish prejudice, the defendant must demonstrate a reasonable probability that the result of the proceeding would have been different, but for counsel's deficiency." *United States v. Luke*, 686 F.3d 600, 604 (8th Cir. 2012).

At the time of the Defendant's plea, he was a 27-year old high school graduate. Defendant swore, under oath, that all the information in his plea petition was true. He also testified that he understood the contents of his plea agreement; that the government would be able to prove the facts set out in the factual basis; and that he was satisfied with the advice given to him by his attorney. Although the Defendant now contends he was rushed when signing the plea petition and plea agreement and did not fully understand their contents, the detailed questioning by the Court at the time of the plea hearing established that he did understand the documents as well as his rights under the Constitution to proceed to a jury trial. If the Court were to accept the Defendant's assertion that he expected a sentence of not more than 48 months incarceration, the entire plea process—plea petition, plea agreement, and plea colloquy taken under oath—all would be rendered meaningless.

## CONCLUSION

The Court cannot conclude that the Defendant's counsel's performance was outside the wide range of reasonable professional assistance or that he made any

3

errors, let alone those so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment.  Nor can the Court conclude that the result of the proceedings would have been different, but for the alleged deficiencies in counsel's performance.

Accordingly,

IT IS ORDERED:

1. The Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF No. 462, is denied;

2. A separate Judgment will be entered, denying the § 2255 Motion; and

3. The Clerk will mail a copy of this Memorandum and Order to Defendant at the Defendant's last known address.

Dated this 4th day of February 2019.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge